**KOLLER LAW LLC**
David M. Koller, Esq. (90119)
Jordan D. Santo, Esq. (320573)                               *Counsel for Plaintiff*
2043 Locust Street, Suite 1B
Philadelphia, PA 19103
T: (215) 545-8917
F: (215) 575-0826
davidk@kollerlawfirm.com
jordans@kollerlawfirm.com

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **MALIK RUFF,** | : | Civil Action No.  3:23-cv-254 |
| 104 E Walut Avenue | : | |
| Altoona, PA 16601 | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | **Complaint and Jury Demand** |
| | : | |
| **THE GIANT COMPANY d/b/a** | : | |
| **MARTIN'S,** | : | |
| **200 E Chestnut Avenue** | : | |
| **Altoona, PA 16601** | : | |
| | : | |
| **1149 Harrisburg Pike** | : | |
| **Carlisle, PA 17013** | : | |
| Defendant. | : | |

**CIVIL ACTION**

Plaintiff, Malik Ruff (hereinafter "Plaintiff"), by and through his attorney, Koller Law, LLC, bring this civil matter against The GIANT Company d/b/a MARTIN'S (hereinafter "Defendant"), for violations of Title VII of the Civil Rights Act ("Title VII"), as amended, and the Pennsylvania Human Relations Act ("PHRA"). In support thereof, Plaintiff avers as follows:

**THE PARTIES**

1. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

2. Plaintiff is an adult individual residing at the above captioned address.

3. Upon information and belief, The GIANT Company d/b/a MARTIN'S is a regional supermarket chain with a location at 200 E Chestnut Avenue, Altoona, PA 16601 and corporate headquarters located at 1149 Harrisburg Pike, Carlisle, PA 17013.

4. At all times relevant hereto, Defendant employed managers, supervisors, agents, and employees who Plaintiff alleges had the authority to make decisions concerning Plaintiff's employment. In making said decisions, these individuals engaged in the pattern and practice of discriminatory treatment, which forms the basis of Plaintiff's allegations in the instant Complaint.

5. At all times relevant hereto, Defendant employed managers, supervisors, agents, and employees who acted directly or indirectly in the interest of the employer. In so acting, these individuals engaged in the pattern and practice of discriminatory treatment, which forms the basis of Plaintiff's allegations in the instant Complaint.

## JURISDICTION AND VENUE

6. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

7. The Court may properly maintain personal jurisdiction over Defendant because the Defendant's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction and comply with traditional notions of fair play and substantial justice, thus satisfying the standard set forth by the United States Supreme Court in International Shoe Co. v. Washington, 326 U.S. 310 (1945) and its progeny.

8. The Court may exercise original subject-matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) because it arises under the laws of the United States and seeks redress for violations of federal law.

9. The Court may also maintain supplemental jurisdiction over state law claims set forth herein

pursuant to 28 U.S.C. § 1367(a) and Rule 18(a) of the Federal Rules of Civil Procedure because they are sufficiently related to one or more claims within the Court's original jurisdiction that they form part of the same case or controversy.

10. Venue is properly laid in the Western District of Pennsylvania pursuant to 28 U.S.C. §§ 1391(b)(1) and 1391(b)(2) because Plaintiff is domiciled in this judicial district, the Defendants is located in this judicial district and because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

## **EXHAUSTION OF ADMINISTRATIVE REMEDIES**

11. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

12. Plaintiff exhausted his administrative remedies under Title VII and PHRA.

13. Plaintiff timely filed a Charge of Discrimination ("Charge") with the U.S. Equal Employment Opportunity Commission ("EEOC") alleging race discrimination and retaliation against Defendant.

14. The Charge was assigned a Charge Number 530-2022-07071 and was dual filed with the Pennsylvania Human Relations Commission ("PHRC").

15. The EEOC issued Plaintiff a Dismissal and Notice of Rights ("Right to Sue") relative to the Charge and that Notice is dated July 13, 2023. Plaintiff received the notice by electronic mail.

16. Prior to the filing of this action, Plaintiff notified the EEOC of his intent to proceed with a lawsuit in federal court.

17. Plaintiff files the instant Complaint within ninety (90) days of his receipt of his Right to Sue in this matter.

18. Plaintiff has exhausted his administrative remedies as to the allegations of this Complaint.

## **MATERIAL FACTS**

19. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

20. Plaintiff is an African American male.

21. On June 29, 2021, Defendant hired Plaintiff in the position of Stocker.

22. Plaintiff was well qualified for his position and performed well.

23. Plaintiff was the only African American employee who was scheduled during Defendant's night shift.

24. In or around March 2022, Kevin Schraff (Caucasian), Store Leader, became Plaintiff's direct supervisor.

25. Thereafter, Defendant began to subject Plaintiff to disparate treatment and a hostile work environment based solely on his race.

26. By way of example, Mr. Schraff spoke to Plaintiff in a condescending and abrasive manner, whereas he did not address any similarly situated Caucasians with such an abusive tone.

27. By way of further example, Mr. Schraff refused to provide Plaintiff with any assistance or support in connection with the completion of this job duties, yet he willingly aided Plaintiff's Caucasian coworkers.

28. Notably, in or around March 2022, Mr. Schraff stated his offensive belief that "all Black people are racist."

29. Subsequently, without any legitimate business reason, Mr. Schraff instructed Plaintiff's coworkers not to speak to Plaintiff.

30. Based on the foregoing, in or around April 2022, Plaintiff registered a complaint of a hostile work environment and race discrimination with Charles Wyper (Caucasian), Store Manager.

31. Notwithstanding same, thereafter, Defendant failed and refused to take corrective action.

32. As a result, Mr. Schraff continued to subject Plaintiff to race-based discrimination and a hostile work environment.

33. In connection therewith, Plaintiff registered additional race discrimination complaints with Mr. Wyper in or around May, June, July and August of 2022.

34. In response thereto, Mr. Wyper informed Plaintiff that he was "sick of [his] complaining" and claimed that he would relay Plaintiff's complaint to Defendant's Human Resources department.

35. In fact, Mr. Wyper never informed Human Resources of Plaintiff's racial discrimination complaint.

36. On or around August 5, 2022, Mr. Schraff screamed at Plaintiff allegedly for speaking to a coworker and immediately suspended his employment indefinitely.

37. Importantly, similarly situated Caucasians were permitted to speak to one another without suffering disciplinary action.

38. Shortly thereafter, on or around August 8, 2022, Mr. Wyper abruptly terminated Plaintiff's employment, allegedly due to insubordination and because he had "followed around" Mr. Schraff.

39. However, Defendant's articulated reason for Plaintiff's termination was false, baseless and pretext.

40. It is Plaintiff's position that he was discriminated against due to his race and in retaliation for his complaints of race discrimination in violation of Title VII and the PHRA.

## COUNT I – RACE DISCRIMINATION
### TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED

41. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

42. Plaintiff is a member of protected classes in that he is African American.

43. Plaintiff was qualified to perform the job for which he was hired.

44. Plaintiff suffered adverse job actions, including, but not limited to termination.

45. Similarly situated people outside of Plaintiff's protected class were treated more favorably than Plaintiff.

46. Circumstances exist related to the above cited adverse employment actions that give rise to an inference of discrimination.

47. Defendants discriminated against Plaintiff on the basis of race.

48. No legitimate, non-discriminatory reasons exist for the above cited adverse employment actions that Plaintiff suffered.

49. The reasons cited by Defendant for the above cited adverse employment actions that Plaintiff suffered are pretext for discrimination.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

## COUNT II – RACE DISCRIMINATION
### PENNSYLVANIA HUMAN RELATIONS ACT

50. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

51. The foregoing conduct by Defendants constitutes unlawful discrimination against Plaintiff on the basis of his race (African American).

52. As a result of Defendant's unlawful race discrimination, Plaintiff has suffered damages as set forth herein.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

### COUNT III – RETALIATION
### TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED

53. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

54. Plaintiff engaged in protected activity protected by Title VII when he complained about race discrimination.

55. Thereafter, Defendant took adverse employment actions against Plaintiff, including, but not limited to, termination.

56. There exists a causal connection between Plaintiff's participation in the protected activity and the adverse employment action.

**WHEREFORE,** Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

### COUNT IV – RETALIATION
### PENNSYLVANIA HUMAN RELATIONS ACT

57. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

58. Plaintiff engaged in activity protected by the PHRA when he complained about race discrimination.

59. Thereafter, Defendant took adverse employment actions against Plaintiff, including, but not limited to, termination.

60. There exists a causal connection between Plaintiff's participation in the protected activity and the adverse employment action.

**WHEREFORE,** Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, Malik Ruff, requests that the Court grant him the following relief against Defendants:

(a) Compensatory damages;

(b) Punitive damages;

(c) Liquidated damages;

(d) Emotional pain and suffering;

(e) Reasonable attorneys' fees;

(f) Recoverable costs;

(g) Pre and post judgment interest;

(h) An allowance to compensate for negative tax consequences;

(i) A permanent injunction enjoining Defendants, its directors, officers, employees, agents, successors, heirs and assigns, and all persons in active concert or participation with it, from engaging in, ratifying, or refusing to correct, employment practices which discriminate in violation of the Title VII and the PHRA.

(j) Order Defendants to institute and implement, and for its employees, to attend and/or otherwise participate in, training programs, policies, practices and programs which provide equal employment opportunities;

(k) Order Defendants to remove and expunge, or to cause to be removed and expunged, all negative, discriminatory, and/or defamatory memoranda and documentation from Plaintiff's record of employment, including, but not limited, the pre-textual reasons cited for its adverse actions, disciplines, and termination; and

(l) Awarding extraordinary, equitable and/or injunctive relief as permitted by law, equity and the federal statutory provisions sued hereunder, pursuant to Rules 64 and 65 of the Federal Rules of Civil Procedure.

**JURY TRIAL DEMAND**

Demand is hereby made for a trial by jury as to all issues.

**CERTIFICATION**

I hereby certify that to the best of my knowledge and belief the above matter in controversy is not the subject of any other action pending in any court or of a pending arbitration proceeding, nor at the present time is any other action or arbitration proceeding contemplated.

                                                  Respectfully Submitted,

                                                  KOLLER LAW, LLC

Date: October 12, 2023        **By:**   */s/ David M. Koller*
                                                           David M. Koller, Esquire
                                                           Jordan D. Santo, Esquire
                                                           2043 Locust Street, Suite 1B
                                                           Philadelphia, PA 19103
                                                           215-545-8917
                                                           davidk@kollerlawfirm.com
                                                           jordans@kollerlawfirm.com

                                                           *Counsel for Plaintiff*